**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DELANIA TAYLOR,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:17-cv-1465** |
| | § | |
| **APHELIA RESTAURANT GROUP,** | § | |
| **LLC, OAK TRT, LP AND OAK TRT** | § | |
| **GP, LLC,** | § | |
| | | |
| **DEFENDANTS** | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Delania Taylor brings suit against Defendants Aphelia Restaurant Group, LLC,

Oak TRT, LP and Oak TRT GP, LLC ("Defendants") and in support would show as follows:

## I.     PRELIMINARY STATEMENT

1.1     This is an action for failure to pay overtime compensation brought under the Fair Labor

Standards Act ("FLSA").   Defendants own and operate a number of restaurants in Dallas, among

them Oak, Quill, El Bolero, and Pakpao.   Ms. Taylor was a pastry chef working primarily at Oak,

although she made desserts for a number of restaurants under the aegis of Aphelia Restaurant

Group, LLC. Ms. Taylor did not have a four-year specialized academic degree in

a culinary arts program.   Ms. Taylor did not supervise any other employees, did not hire or fire

employees, was not consulted about hiring or firing employees, and did not discipline employees.

Ms. Taylor had no input, creative or otherwise, as to what dishes were to be offered on a particular

menu, nor was she involved in developing or even modifying any dishes.   Instead, Ms. Taylor was

simply told what dishes and/or desserts to make, and she dutifully carried out those orders.

1.2     Ms. Taylor consistently worked over forty hours per week.  In fact, she averaged between 75 to 80 hours per week.  In spite of the fact that Ms. Taylor was a non-exempt employee, Defendant did not track or otherwise record her time, nor did Defendant pay Ms. Taylor an overtime premium for any hours worked over forty per week.

1.3     As such, Ms. Taylor brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants Aphelia Restaurant Group, LLC, Oak TRT, LP and Oak TRT GP, LLC, because these entities conduct business in Texas and have entered into relationships with Ms. Taylor in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Delania Taylor is an individual residing in Dallas, Texas.

**B.   Defendants**

3.2   Defendant Aphelia Restaurant Group, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.3   Defendant Aphelia Restaurant Group, LLC  was an employer of Ms. Taylor as defined by 29 U.S.C. §203(d).

3.4   Defendant Aphelia Restaurant Group, LLC can be served with process by serving its registered agent for service of process, Richard Ellman at 10853 Camellia Drive, Dallas, Texas 75230.

3.5   Defendant Oak TRT, LP is a domestic limited partnership formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.6   Defendant Oak TRT, LP was an employer of Ms. Taylor as defined by 29 U.S.C. §203(d).

3.7   Defendant Oak TRT, LP can be served with process by serving its registered agent for service of process, Richard Ellman, at 4213C Wycliff Ave., Dallas Texas 75219.

3.8   Defendant Oak TRT GP, LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Dallas, Texas.

3.9   Defendant Oak TRT GP, LLC was an employer of Ms. Taylor as defined by 29 U.S.C. §203(d).

3.10   Defendant Oak TRT GP, LLC can be served with process by serving its registered agent for service of process, Richard Ellman, at 1628 Oak Lawn Ave., Dallas, Texas 75207.

## IV.   FLSA COVERAGE

4.1   For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, Defendants each had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants each have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants each employed "employees", including Ms. Taylor, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendants have each been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Ms. Taylor was individually engaged in interstate commerce or in the production of goods for commerce while performing her job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants own and operate a number of restaurants in Dallas Texas.

5.2     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.3     Defendants maintained and exercised the power to hire, fire, and discipline Ms. Taylor during her employment with Defendants.

5.4     Ms. Taylor was required to comply with Defendants' policies and procedures in performing her work during her employment with Defendants.

5.5     Ms. Taylor was a non-exempt employee.

5.6     Specifically, Ms. Taylor was a non-exempt pastry chef.

5.7     Ms. Taylor did not have a four-year specialized academic degree in a culinary arts program.

5.8     Ms. Taylor did not supervise two or more employees.

5.9     Ms. Taylor did not hire employees.

5.10    Ms. Taylor did not fire employees.

5.11    Ms. Taylor was not consulted with respect to hiring employees.

5.12    Ms. Taylor was not consulted with respect to firing employees.

5.13    Ms. Taylor did not discipline any employees.

5.14    Ms. Taylor had not input into what desserts Defendants would offer on their menus.

5.15    Ms. Taylor was not involved in developing new desserts.

5.16    Ms. Taylor was not involved in modifying desserts.

5.17    Defendants did not seek Ms. Taylor's input with respect to creating desserts.

5.18    Defendants did not seek Ms. Taylor's input with respect to modifying desserts.

5.19    Instead, Defendants told Ms. Taylor what desserts they expected Ms. Taylor to make.

5.20    Ms. Taylor consistently worked more than forty hours per week.

5.21    Defendants knew Ms. Taylor worked more than forty hour per week.

5.22    In fact, Ms. Taylor complained to Defendants about the number of hours she was working per week.

5.23    Defendants did not track the number of hours Ms. Taylor worked per week.

5.24    Ms. Taylor was never paid any overtime premiums for hours exceeding forty per week.

## VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2    As a non-exempt employee under the FLSA, if Ms. Taylor worked over forty hours in a workweek, Ms. Taylor was entitled to overtime pay for these hours.

6.3    Over the course of the relevant period, Ms. Taylor routinely worked in excess of forty hours every other week of her employment.

6.4    Even though Ms. Taylor worked in excess of forty hours per week, Defendants failed to pay Ms. Taylor overtime premiums for such hours.

6.5    As a result, Defendants have violated 29 U.S.C. § 201 *et seq*.

6.6    In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Ms. Taylor.

6.7    No excuse, legal justification or exemption excuses Defendants' failure to pay Ms. Taylor overtime premiums for hours worked over forty in a workweek.

6.8    Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

6.9    Ms. Taylor seeks all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Delania Taylor respectfully prays that Defendants Aphelia Restaurant Group, LLC, Oak TRT, LP and Oak TRT GP, LLC be cited to appear, and that, upon trial of this matter, Ms. Taylor recover the following against Defendants, jointly and severally:

a.  Actual damages for the full amount of Ms. Taylor's unpaid overtime compensation;

b.  Liquidated damages in an amount equal to Ms. Taylor's unpaid overtime compensation;

c.  Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d.  Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.  Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com


Scotty Jones
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF