UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DELANIA TAYLOR,<br><br>PLAINTIFF<br><br>v.<br><br>APHELIA RESTAURANT GROUP, LLC, OAK TRT, LP AND OAK TRT GP, LLC,<br><br>DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-1465 |

## JOINT STATUS REPORT

Plaintiff Delania Taylor ("Plaintiff") and Defendants Aphelia Restaurant Group, LLC, Oak TRT, LP, and OK TRT, GP, LLC (collectively "Defendants"), pursuant to the Federal Rules of Civil Procedure and the Court's Order of July 6, 2017, file this Joint Status Report as follows.

**1.    Brief Statement of the Nature of the Case and the Contentions of the Parties.**

Plaintiff brings this suit under the Fair Labor Standards Act (FLSA) for failure to pay overtime.  Plaintiff claims she was improperly classified as an exempt employee and seeks damages for unpaid overtime pay, along with liquidated damages as well as attorney fees, costs and interest.

Defendants contend that Plaintiff was properly classified as an exempt employee under the FLSA's executive and/or administrative exemptions.  As such, Defendants contend that Plaintiff was not eligible for overtime payment and also deny that Plaintiff is entitled to liquidated damages or the other relief she seeks.  Defendants further contend that Plaintiff at all relevant times was

employed by Defendant Oak TRT, LP and that none of the other Defendants are proper parties to this lawsuit.

**2.**     Settlement Discussions.

The parties have engaged in initial settlement discussions and intend to explore additional discussions before depositions or other initial discovery.

**3.**     Possible Joinder of Additional Parties.

None at this time.

**4.**     Anticipated Challenges to Jurisdiction or Venue.

None.

**5.**     Requested Trial and Estimated Length.

The parties request a trial setting in March 2018. The parties further anticipate that trial will last 1-2 days.

**6.**     The Desirability of ADR and the Timing of ADR.

In the event the parties are unable to resolve this matter before the close of discovery, mediation with a private mediator would be appropriate after the close of discovery.

**7.**     Any Objections to Disclosure under Rule 26(a)(1).

None.

Dated: July 25, 2017                     Respectfully submitted,


                                         By:  /s/ Douglas B. Welmaker
**Douglas B. Welmaker**
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051
E-mail:  doug@dunhamlaw.com

**ATTORNEYS FOR PLAINTIFF**


By: /s/ Paulo B. McKeeby
Paulo B. McKeeby
Bar No. 00784571
paulo.mckeeby@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Telephone:     +1.214.466.4000
Facsimile:     +1.214.466.4001

**ATTORNEYS FOR DEFENDANTS**